## IN THE MATTER OF MARY M. YOUNG.
### (Supreme Court Disciplinary No. 396)
(333 SE2d 583)

Per curiam.

The State Bar of Georgia filed two formal complaints against the respondent, charging her with violations of Standard 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and Standard 44 (wilful abandonment or disregard of a legal matter) in one complaint and Standard 44 in the other complaint. See State Bar Rule 4-102. These violations occurred when the respondent misrepresented the status of pending wrongful-death actions of her client, and permitted the client to be prevented from having the merits of such actions adjudicated by the courts, in one case; and failed to file a civil action in behalf of another client, from which she had received a partial payment of an agreed upon fee, in the other case.

While the two complaints were pending, the respondent filed her petition with the State Disciplinary Board for voluntary suspension of her license to practice law in Georgia for six months based upon the aforementioned charges. In mitigation of the first above-described violations, the respondent alleged that the matter was complicated, speculative and confusing; that she did not receive copies of all court orders pertaining to the cases; that at no time did she knowingly or intentionally misrepresent any facts to her client; that she had attempted unsuccessfully to associate counsel with experience in medi-

cal malpractice; that the claims probably had no merit; that she had relied upon the representations of the attorney who had filed the first sets of complaints on behalf of her client; that there was substantial question as to the viability of the pending cases because of the failure to pay costs in the first set of complaints, so additional complaints were filed to avoid the statute of limitations. In mitigation of the second above-described violation, the respondent alleged that the client never paid her the balance of the agreed upon fee, and that she has refunded the amount the client had paid.

As general mitigation, the respondent alleged that she had served on the City Commission of Albany and in the Georgia House of Representatives, as well as being active in public affairs and government; that she had been incapacitated by a brain tumor for eight months in 1977 and 1978; that she underwent a divorce in 1979; that her attempts to obtain competent legal help with her practice of law had resulted in further confusion of her practice; that she is an outgoing person with sincere and dedicated concerns for her fellow man and admits inefficiency as a business organizer; that she had obtained the advice and assistance of a fellow attorney in closing all active files and associating or referring those which cannot be closed; that she seeks a leave of absence from the practice of law "for a reasonable period of time," and upon a return to the practice, she would have a definite plan by which to practice in a competent and efficient setting under the guidance and advice of the aforesaid attorney; that she has at no time knowingly made any false or fraudulent representation to any court, client, or constituent; and that she feels that her legal background and training are of value and can be of value to people in the future if she is permitted to return to the practice in the future.

The special master and the State Disciplinary Board have filed their acceptance of the respondent's petition for a voluntary six-month suspension of her license to practice law in Georgia.

We accept the recommendation of the State Disciplinary Board.

*Voluntary suspension of license for six months accepted. All the Justices concur.*

DECIDED SEPTEMBER 4, 1985.

*William P. Smith III, General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Thomas William Malone,* for Young.